IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LEE MORGAN,

    Petitioner,                                  No. CIV S-10-0928 EFB

    vs.

RICHARD B. IVES,

    Respondent.                             <u>ORDER</u>

                                      /

        Petitioner, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondent has filed a notice of appearance. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

        Petitioner challenges the legality of his conviction, which was imposed by the United States District Court for the District of Nevada. Petitioner is currently confined in the federal prison in Herlong, California. He seeks leave to proceed *in forma pauperis.*

        Generally, a federal habeas petition challenging the legality of the sentence, rather than the manner, location, or conditions of its execution, is properly brought under 28 U.S.C. § 2255 in the court in which the petitioner was sentenced (the "sentencing court") rather than under 28 U.S.C. § 2241 in the court for the geographic territory encompassing the prison in which the petitioner is confined (the "custodial court"). *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This general rule has one exception – under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under

1 § 2241 in the custodial court where his remedy under § 2255 is inadequate or ineffective to test
2 the legality of his detention.  *Id.*; 28 U.S.C. § 2255(e).

3     Petitioner challenges the legality of his sentence, which was imposed by the United
4 States District Court for the District of Nevada.  Thus, the instant petition should be heard by
5 that court under § 2255, absent a showing that such a motion is inadequate or ineffective to test
6 the legality of the sentence.  "[A] motion meets the escape hatch criteria of § 2255 when the
7 petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural
8 shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal
9 quotation marks omitted).  Accordingly, the court declines to rule on petitioner's motion to
10 proceed *in forma pauperis* at this time.

11     It is hereby ORDERED that within 30 days of the date of this order, petitioner shall show
12 cause why this petition should not be transferred to the United States District Court for the
13 District of Nevada.

14 Dated: October 7, 2010.

15 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE